OKLAHOMA INDUSTRIAL DEVELOPMENT AND PARK COMMISSION — DUTIES NOT TRANSFERRED TO OFFICE OF COMMUNITY AFFAIRS AND PLANNING (1) The enumerated duties and responsibilities of the Oklahoma Industrial Development and Park Commission, and its Director, as contained in 74 O.S. 1108 [74-1108](a) (1970), are not transferred to the Office of Community Affairs and Planning, but the Office of Community Affairs and Planning is to help coordinate, provide assistance. review, assist, study and analyze, and make recommendations concerning those actions which are the responsibility and duty of the Oklahoma Industrial Development and Park Commission, and its Director. (2) The passage of 74 O.S. 1501 [74-1501] — 70 O.S. 1516 [70-1516], does not change the authority of the Director of the Oklahoma Industrial Development and Park Commission to act in the capacity of the State of Oklahoma alternate member of the Ozarks Regional Planning Commission, and the powers, duties and liabilities of said alternate are not transferred to the newly established office of the Community Affairs and Planning. (3) There is no specific provision in the Office of the Community Affairs and Planning Act 74 O.S. 1970 Supp., 1501-1516 [74-1501]-[74-1516] which makes it mandatory for the Office of Community Affairs and Planning to "process and handle all Ozarks Planning Commission work for the State". The handling of such work would be consistent with the provisions set out in the purpose of the act, the duties of the Administrator, and the functions and responsibilities of the office. (4) The work of the Division of Parks, Recreation and Waterways of the Oklahoma Industrial Development Park Commission in keeping the State of Oklahoma's participation in the Federal Bureau of Recreation programs and grants current and eligible is not transferred to the Office of Community Affairs and Planning under the provisions of 74 O.S. 1501 [74-1501] — 74 O.S. 1516 [74-1516] (1970). Because the Director of the Oklahoma Industrial Development Park Commission serves as State Liaison Officer to the Federal Bureau of Outdoor Recreation by reason of appointment by executive order of the Governor, he will continue to act in such capacity until such time as he resigns or is replaced by further executive order of the Governor. The Attorney General has received your letter dated January 15, 1971, requesting an opinion on three questions concerning the provisions of 74 O.S. 1970 Supp., 1501 [74-1501] through 1516 as they pertain to and affect the duties and functions of (1) the Director of Oklahoma Industrial Development and Park Department, (2) the Oklahoma Industrial Development and Park Commission, and (3) the Oklahoma Industrial Development and Park Department. For purposes of simplification and clarity, your three questions will be dealt with one at a time. QUESTION: Does Senate Bill 111 of the 1970 Legislative Session 74 O.S. 1501 [74-1501] through 74 O.S. 1516 [74-1516] (1970) effectively transfer the duties and responsibilities enumerated under Senate Bill 290 of the 1969 Legislative Session 74 O.S. 1108a [74-1108a] (1970) to the newly established Office of Community Affairs? ANALYSIS AND DISCUSSION: 74 O.S. 1108a [74-1108a] (1970) vests the power and duty in the Industrial Development and Park Commission to establish criteria for boundaries of planning regions within the State under certain prescribed procedures, involving action on the part of both the Director and the Commission, providing for public notice and hearing with provisions for an appeal to the Governor. The specific grant of authority to establish boundaries for "planning regions" is not found in the functions and responsibilities of the Office, Administrator, or Council as set out in the provisions of the Act creating the Office of Community Affairs and Planning. It does not appear that 74 O.S. 1108a [74-1108a] (1970) is to be repealed as being in conflict with the Act, because 74 O.S. 1512 [74-1512] (1970) specifically provides: ". . . The Council shall consist of one member from each Planning Region as delineated and established under the provisions of 1108a, Title 74 O.S.Supp. 1969, to be appointed by the Governor." It would be consistent with the purpose of the Act, the duties of the Administrator, and the functions and responsibility of the office, all as set out and defined in 74 O.S. 1501 [74-1501] (1970) et seq. for the Office of Community Affairs and Planning, and its Administrator, to provide aid, technical assistance, and help coordinate the efforts of the Oklahoma Industrial Development and Park Commission, and its Director, in its efforts to establish the criteria for boundaries of planning regions as contemplated by 1108a. OPINION: Based upon the foregoing analysis and discussion, it is the opinion of the Attorney General that the enumerated duties and responsibilities of the Oklahoma Industrial Development and Park Commission, and its Director, as contained in 74 O.S. 1108a [74-1108a] (1970) are not transferred to the Office of Community Affairs and Planning, but that the Office is to help coordinate, provide assistance, review, assist, study and analyze, and make recommendations concerning those actions which are the responsibility and duty of the Oklahoma Industrial Development and Park Commission, and its Director, under the provisions of 74 O.S. 1108a [74-1108a] (1970). QUESTION: Under Title 74 O.S. 1151-1153 [74-1151-1153], the Director of Oklahoma Industrial Development and Park Department became an alternate member of the Ozarks Regional Planning Commission. Does Senate Bill 111 of the 1970 Legislative Session 74 O.S. 1970 Supp. 1501-1516 [74-1501]-[74-1516] transfer these powers, duties and liabilities to the Director of the newly established Office of Community Affairs, and does the Office of Community Affairs process and handle all Ozarks Planning Commission work for the State by virtue of Senate Bill 111? ANALYSIS AND DISCUSSION: 74 O.S. 1970 Supp. 1151-1153 [74-1151] — [74-1153] specifically provide that the State of Oklahoma Alternate commission member of an "economic development region" referred to as the Ozarka Region of Eastern Oklahoma, Western Arkansas, Southern Missouri, shall be the Director of the Oklahoma Industrial Development and Park Commission. There is no such specific grant of authority conferred upon another person in the provisions of the Act creating the Office of Community Affairs and Planning. The authority of the Director of the Oklahoma Industrial Development and Planning Commission in continuing to serve as the Alternate member of the Ozarks Regional Planning Commission would not be in conflict with any provision or provisions of the Act creating the Office of Community Affairs and Planning, and thus would not be repealed by the repealer section, 74 O.S. 1513 [74-1513] (1970). In regard to the second portion of this question, there is no definitive answer as to whether the Office of Community Affairs and Planning is to "process and handle all Ozarks Planning Commission work for the State". The handling of such work would be consistent with the purpose of the Act, the duties of the Administrator, and the functions and responsibilities of the office as set out and defined in the Act. The office is to "assist. . .governmental conferences or councils and regional planning commissions to participate with other states or their subdivisions in planning." 74 O.S. 1507 [74-1507](5) (1970). The Administrator ". . . may act for the state in the initiation of or participation in any multigovernmental agency program relative to the purposes of this act. . ." 74 O.S. 1505 [74-1505] (1970). The office has the function and responsibility to "cooperate with and provide technical and financial assistance to. . .governmental conferences or councils, regional planning commissions. . . and similar agencies created for the purposes of aiding and encouraging an orderly, productive and coordinated development of the state. . ." 74 O.S. 1508 [74-1508](4) (1970). All comprehensive plans to be financed in whole or part by the state or federal funds "being considered by any. . .governmental conference or council, or regional planning commission shall be filed with the Office of Community Affairs and Planning for the review and recommendation prior to adoption. The Office of Community Affairs and Planning shall communicate its comments and recommendations to the proponent within thirty days following receipt of such plans or amendments unless the proponent shall authorize a longer time. Such comments and recommendations shall be advisory only. Failure of any . . . governmental unit to comply with the provisions of this Section shall not invalidate any comprehensive plan or any amendments thereto, otherwise enacted according to law. 74 O.S. 1510 [74-1510] (1970). OPINION: Based upon the foregoing analysis and discussion it is the opinion of the Attorney General: (1) The passage of 74 O.S. 1501 [74-1501] — 74 O.S. 1516 [74-1516] (1970) does not change the authority of the Director of the Oklahoma Industrial Development and Park Commission to act in the capacity of the State of Oklahoma, Alternate member of the Ozarks Regional Planning Commission, and the powers, duties and liabilities of said alternate is not transferred to the newly established Office of Community Affairs and Planning, and (2) There is no specific provision in the Office of Community Affairs and Planning Act, 74 O.S. 1970 Supp. 1501-1516 [74-1501]-[74-1516], which makes it mandatory for the Office of Community Affairs and Planning to "process and handle all Ozarks Planning Commission work for the State". The handling of such work would be consistent with the provisions set out in the purpose of the Act, the duties of the Administrator, and the functions and responsibilities of the office. QUESTION: The Director of Oklahoma Industrial Development and Park Department has been appointed by the Governor of Oklahoma as State Liaison Officer to the Federal Bureau of Outdoor Recreation. The Director of Oklahoma Industrial Development and Park Department has directed that the Park and Recreation Division of Oklahoma Industrial Development and Park Department keep the State of Oklahoma's participation in the Federal Bureau of Recreation programs and grants current and eligible. This now requires a full time Recreational Planning Staff. Does Senate Bill 111 74 O.S. 1970 Supp. 1501-1516 [74-1501]-[74-1516] now require that the above mentioned duties be transferred to the newly established Office of Community Affairs, since the function that the Division of Parks and Recreation is performing, is a statewide nature and deals primarily with cities, counties, Wildlife Department, Indian Tribes, and State Parks, all of whom are eligible for 50-50 Federal Bureau of Recreation Funding? ANALYSIS AND DISCUSSION: It does not appear that the duties and functions of the Division of Parks, Recreation and Waterways of the Oklahoma Industrial Development and Park Commission are in conflict with any portion or portions of the Act creating the Office of Community Affairs and Planning and, therefore, would not be repealed by 1513 of Title 74 O.S. 1970 Supp., It would seem to be the purpose, duty, function and responsibility of the Office of Community Affairs and Planning to coordinate, review, provide financial and technical assistance, and assist the Division of Parks, Recreation and Waterways to keep the State of Oklahoma's participation in the Federal Bureau of Recreation programs and grants current and eligible. There is no express statutory authority requiring this function to fall exclusively within the province of either the Commission or the Office. Instead, it seems to be the intent of the legislation governing the Commission and the Office, when compared, that this particular function is mutual and supplemental. OPINION: Based upon the foregoing analysis and discussion it is the opinion of the Attorney General that the work of the Division of Parks, Recreation and Waterways of the Oklahoma Industrial Development and Park Commission in keeping the State of Oklahoma's participation in the Federal Bureau of Recreation Programs and Grants current and eligible is not transferred to the Office of Community Affairs and Planning under the provisions of 74 O.S. 1970 Supp. 1501-1516 [74-1501]-[74-1516]. Further, because the Director of the Oklahoma Industrial Development and Park Commission serves as State Liaison Officer to the Federal Bureau of Outdoor Recreation by reason of appointment by executive order of the Governor, he will continue to act in such capacity until such time as he resigns or is replaced by further executive order of the Governor. (Odie A. Nance)